Gaines v City of New York (2023 NY Slip Op 01645)

Gaines v City of New York

2023 NY Slip Op 01645

Decided on March 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2023

Before: Kern, J.P., Oing, Pitt-Burke, Higgitt, JJ. 

Index No. 656297/20 Appeal No. 17587 Case No. 2022-01855 

[*1]Gary Gaines, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.

Gary Gaines, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.

Order, Supreme Court, New York County (Laurence Love, J.) entered October 19, 2021, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The court correctly dismissed plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing, which were based on allegations that the New York City Department of Housing Preservation and Development (HPD) breached a subscription agreement that plaintiff had entered into for the purchase of cooperative shares, in anticipation of the sale of his apartment building to a housing development fund corporation (HDFC) (see Private Housing Finance Law article XI), by issuing an unsigned and undated attorney opinion letter to the HDFC stating that plaintiff was subject to an 85% flip tax when plaintiff sought to sell his shares, resulting in the termination of the sale. The causes of action should have been brought against the HDFC, as HPD did not have the authority to determine whether a flip tax should be imposed on plaintiff's sale of his cooperative shares once the building was conveyed to the HDFC. Upon the conveyance, the HDFC became solely responsible for the building's management and operations and, thus, the decision to impose a flip tax and other resale restrictions fell within its purview (see 28 RCNY 34-02[b]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2023